**Jorge ESPINOZA–LUGO, aka Jorge Espinoza, aka Jorge Espinosa Lugo, aka Jorge Espinoza Lugo, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 12–72465.

United States Court of Appeals, Ninth Circuit.

Argued Nov. 21, 2014.

Submitted Dec. 30, 2014.

Filed March 31, 2016.

Andrew Jeffrey Fishkin, Esquire, Law Office of Andrew J. Fishkin, P.C., Bakersfield, CA, for Petitioner.

Oil, Rebecca Hoffberg Phillips, Esquire, Trial, Kathryn McKinney, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: THOMAS, Chief Judge, CHRISTEN, Circuit Judge, and SEABRIGHT,* District Judge.

MEMORANDUM **

Jorge Espinoza–Lugo, native and citizen of Mexico, was convicted of accessory to a felony under California Penal Code § 32. An Immigration Judge ordered him re-

---

\* The Honorable J. Michael Seabright, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

moved to Mexico, determining his conviction to be an aggravated felony because it is an offense relating to obstruction of justice under 8 U.S.C. § 1101(a)(43)(S). Applying the interpretation of "obstruction of justice" articulated in *In re Valenzuela Gallardo*, 25 I. & N. Dec. 838 (BIA 2012), the Board of Immigration Appeals dismissed Espinoza–Lugo's appeal. Espinoza–Lugo now petitions for review.[1]

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D). In light of our decision in *Valenzuela Gallardo v. Lynch*, No. 12–72326, we remand to the Board for either application of the agency interpretation announced in *In re Espinoza–Gonzalez*, 22 I. & N. Dec. 889 (BIA 1999), or consideration of a new construction of 8 U.S.C. § 1101(a)(43)(S).

**PETITION GRANTED IN PART, AND REMANDED.**

SEABRIGHT, District Judge, dissenting:

I respectfully dissent for the reasons stated in my dissent from the majority Opinion in *Valenzuela Gallardo v. Lynch*, No. 12–72326.

---

1. The parties are familiar with the facts, so we do not recount them in detail.